### GEORGE N. ROBINSON v. BLOOMFIELD HULICK, COLLECTOR OF THE BOROUGH OF BELMAR.

Submitted November 29, 1901—Decided February 24, 1902.

1. Under section 15 of the Tax act of March 14th, 1879 (*Gen. Stat., p.* 3353), a person must have become a purchaser or mortgagee without notice, in order to be a purchaser or mortgagee in good faith.

2. One who becomes a purchaser or mortgagee of land in this state is chargeable with notice that under our general statutes taxes are levied upon real estate annually and become a paramount lien thereon on the 20th day of December next after the levy, and continue to be so against even purchasers and mortgagees until at least the 1st day of February in the following year.

3. One who becomes a purchaser or mortgagee of land in this state prior to the 1st day of February in any year, cannot be a purchaser or mortgagee in good faith, as against taxes levied thereon in the preceding year, or as against taxes afterwards levied thereon.

4. As against one who becomes a purchaser or mortgagee of lands in this state after the 1st day of February in any year, without notice that taxes levied on the land in previous years were unpaid, such taxes have ceased to be a lien, unless the provisions of section 13 of said Tax act of 1879 have been complied with.

5. The provisions of sections 13 and 15 of the Tax act of 1879 are implied in section 45 of the Borough act of 1897. *Pamph. L., p.* 285.

6. Proceedings under the act of May 18th, 1898 (*Pamph. L., p.* 442), for the adjustment of taxes, &c., do not affect the title of any purchaser or mortgagee whose purchase or mortgage was made after the lien of such taxes had expired as against him, pursuant to section 15 of the said Tax act of 1879.

---

On *certiorari* in matter of taxation.

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Frank P. McDermott.*

For the defendant, *Halsted H. Wainright.*

The opinion of the court was delivered by

DIXON, J. The writ of *certiorari* in this case, allowed July 5th, 1901, brings up the assessment of taxes levied by the borough of Belmar, for the year 1899, on lots known on the map of Ocean Beach as Nos. 46, 47, 48, 628, 629, 938, 939, 1203, 1204, 1317, 1318, 1319, 2000, 2002, 2003, 2004 and 2005.

The collector of the borough having failed to make return of these taxes to the clerk of Monmouth county on or before February 1st, 1900, pursuant to section 13 of the Tax act of March 14th, 1879 (*Gen. Stat., p.* 3353), the prosecutor insists that, by force of section 15 of said act, the taxes ceased to be a lien on said lands as against purchasers and mortgagees in good faith; that he is such a purchaser and mortgagee, and that therefore the taxes should be set aside.

To be a purchaser or mortgagee in good faith, one must be a purchaser or mortgagee without notice. *Williamson* v. *New Jersey Southern Railroad Co.,* 2 *Stew. Eq.* 311, 336; *National Bank of the Metropolis* v. *Sprague,* 6 *C. E. Gr.* 530, 536; *Roe* v. *Meding,* 8 *Dick. Ch. Rep.* 351, 367.

Under the general statutes applicable to the present case taxes upon land are levied annually and become a lien thereupon on the 20th day of December next after the levy. The lien thus created is paramount to all other liens and estates, whether previously existing or subsequently created, and so continues for two years, save as it is affected by section 15 of said act of 1879.

All persons interested, or about to become interested, in lands in New Jersey are chargeable with notice of these laws and of their normal operation. Every purchaser or mortgagee of such land therefore must be deemed to have notice of the taxes which become a lien upon that land on every 20th day of December after he acquires his interest, and as to them he cannot be a purchaser or mortgagee in good faith

within the meaning of said section. Likewise, if one becomes a purchaser or mortgagee of land between the 20th day of December in any year and the 1st day of February in the following year, he must be deemed to have notice of the lien for taxes which attached on the earlier date against him and everybody else, and as to them he cannot be a purchaser or mortgagee in good faith within the meaning of said section. But, if one becomes a purchaser or mortgagee of lands after the 1st day of February in any year, and has no actual notice that taxes levied on the lands in previous years are still unpaid, such taxes are not a lien against the interest so acquired by him, unless the provisions of section 13 of said act of 1879 have been followed.

This is plainly the meaning of the act of 1879 and its supplements; but the import of the Borough act of 1897 (*Pamph. L., p.* 285), under which these taxes were levied, is not so clear. Section 45 of the Borough act declares that taxes upon land in boroughs shall, while unpaid, remain a first and paramount lien for the space of two years from the 20th day of December, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereof, and the limitation of the lien prescribed in the fifteenth section of the act of 1879 is not expressly re-enacted. We incline, however, to think that the clause in said section 45, which devolves upon the borough collector the same duties and powers as are cast upon the township collector by the act of 1879, implies that the same effects shall proceed from the performance or non-performance of the duties, and that, as the power of the township collector to convey a title valid against a purchaser or mortgagee in good faith is dependent on his compliance with section 13 of the act of 1879, so is the power of the borough collector limited.

We must therefore determine whether the prosecutor is shown to be a purchaser or mortgagee in good faith within the purview of these statutes.

The case shows that the prosecutor became a mortgagee of lots Nos. 1203 and 1204 on July 1st, 1898; of lots Nos. 46, 47, 48 and 2000 on November 1st, 1899, and of lots Nos.

938, 939, 628, 629, 1317, 1318 and 1319 on December 24th, 1898, and that he continued to be such mortgagee until after December 20th, 1899, when the taxes in question became a lien on the land superior to all other estates and liens then existing. The prosecutor, as mortgagee, has no more right to insist that the lien of those taxes would cease on the 1st day of February following, as against him, than he would have if his mortgages had been absolute conveyances and he had been the owner of the land; his right in that regard, as mortgagee, is no greater than that of a purchaser. He is legally chargeable with notice of those taxes and of the supremacy of their lien.

In August, 1900, he purchased the lots described in his mortgages of July 1st, 1898, and November 1st, 1899, at sheriff's sale on foreclosure of those mortgages, but it does not appear that the prior lien of the borough was affected by the foreclosure; and moreover, at the time of sale he had actual notice that the taxes of 1899 were unpaid.

In January, 1901, he purchased at an auditor's sale the estate of his mortgagor in the lots described in his mortgage of December 24th, 1898 (except lots 938 and 1317), but he must be deemed to have made that purchase with the notice attributable to him as mortgagee. The like notice similarly affects his purchase of lots 938 and 1317 in February, 1901.

As to all of these lots, therefore, the prosecutor is not a purchaser or mortgagee in good faith within the meaning of section 15 of the act of 1879, and for that reason fails to show himself entitled to the relief demanded.

In January, 1901, William A. Hankinson conveyed to the prosecutor lots Nos. 2002, 2004 and 2005, and in February, 1901, George S. Reid conveyed to him lots Nos. 938, 1317 and 2003, and in these conveyances he seems to have been a purchaser in good faith, except as to lots 938 and 1317, of which he was then a mortgagee. But what estate was thus conveyed to him does not appear, for the title of his grantors is not shown. Plainly, on such facts, we cannot set aside these taxes, for, as to all estates except that conveyed by the above deeds, the lien of the taxes remained

unimpaired when the *certiorari* was allowed. Only as to that estate should we adjudge that the lien of the taxes has ceased.

Counsel for the borough urges that the prosecutor is not entitled to a judgment even to that extent, because, before the writ was allowed, a commission to adjust taxes in the borough had been appointed, under the act of May 18th, 1898 (*Pamph. L., p.* 442), and he insists that the lien of the taxes was thereby preserved, or at least will be restored, by the operation of that law. But the sixteenth section of the statute declares that the provisions of the act shall not affect the right of any *bona fide* purchaser, mortgagee or lienor whose purchase mortgage or lien was made or accrued subsequent to the expiration of the lien for taxes. Since the lien for the taxes of 1899 on lots 2002, 2003, 2004 and 2005 had expired as against *bona fide* purchasers when the prosecutor, in good faith, purchased those lots, the act, according to its own terms, cannot affect the title thus acquired.

Let judgment be entered affirming the lien of the taxes on lots Nos. 46, 47, 48, 628, 629, 938, 939, 1203, 1204, 1317, 1318, 1319 and 2000, and declaring that the lien of the taxes on lots Nos. 2002, 2003, 2004 and 2005 has ceased as against the title conveyed to the prosecutor by the said deeds from Hankinson and Reid.

No costs are awarded to either party.